```
                    UNITED STATES DISTRICT COURT FOR
                   THE EASTERN DISTRICT OF PENNSYLVANIA


_____
                                      :   JURY TRIAL DEMANDED
SHARON A. FINIZIE,                    :
         Plaintiff,                   :   Civil Action
                                      :
         v.                           :   No. 03-
                                      :
ANTHONY J. PRINCIPI, Secretary,       :
Department of Veterans Affairs,       :
         Defendant.                   :
                                      :
_____
```

**COMPLAINT**

PARTIES

    1.   Plaintiff, Sharon A. Finizie, is a citizen of the United States and a resident of the County of Burlington, State of New Jersey.

    2.   Defendant, Anthony J. Principi, Secretary, Department of Veterans Affairs, is the duly appointed and acting official charged with the administration of the laws and implementing regulations, instructions and directives affecting the Department of Veterans Affairs ("agency") and its employees in the area of job discrimination under Title VII.

JURISDICTION

    3.   This Court has jurisdiction over this matter pursuant to 42 U.S.C. §2000e-16(c) which provides, in pertinent part, that a party must file a civil action within 90 days of receipt of final action taken by the U.S. Equal Employment Opportunity Commission (EEOC) upon an appeal from an agency decision on a complaint of discrimination under Title VII.

<u>VENUE</u>

4.   The United States District Court for the Eastern District of Pennsylvania is the appropriate venue for this action pursuant to 28 U.S.C. §1391(e)(2), in that a substantial part of the events or omissions giving rise to Ms. Finizie's claim occurred in this judicial district.

<u>PROCEDURAL HISTORY</u>

5.   At all relevant times, plaintiff, Sharon A. Finizie, was a federal civilian employee working at the Philadelphia VA Medical Center (Medical Center), a component of the agency.

6.   On July 24, 2000, Ms. Finizie sought precomplaint counseling concerning issues of job assignment, position title, assignment of duties and working conditions and alleged that agency actions affecting her employment were in reprisal for her prior protected activity.

7.   After efforts to informally resolve her discrimination claim proved unsuccessful, Ms. Finizie filed a formal discrimination complaint, dated August 31, 2000, in which she alleged that she was subjected to discriminatory treatment on the basis of reprisal when, beginning March, 2000 and continuing, the agency underutilized her skills and expertise by restrictive job assignments and refused to permanently assign her to a full-time position of Quality Management Specialist in the Central Quality Management Section.  The discrimination complaint was docketed as agency case no. 200H-1908.

8.   After an administrative investigation and the issuance of an investigative report, Ms. Finizie requested a hearing before an EEOC administrative judge.

9.   On September 13, 2002, the administrative judge issued a decision without benefit of an administrative hearing, implicitly concluding, pursuant to 29 C.F.R. Section 1614.109(g)(3), that the material facts were not in genuine dispute.  The administrative judge acknowledged that Ms. Finizie had indeed set forth a *prima facie* case of reprisal, but that the "agency articulated a non-discriminatory reason for its actions and the Complainant has failed to show that the agency's reasons are a pretext for discrimination."  The analysis supporting the administrative judge's decision consists of fourteen lines.  Nowhere in the administrative record did the administrative judge, prior to the issuance of his decision, identify to the parties "some or all of the facts not in genuine dispute." In fact, the facts upon which the administrative judge relied were clearly disputed by Ms. Finizie and were credibility-driven.

6.   On September 25, 2002, the agency issued a final order, in which it accepted and implemented the decision of the administrative judge, dated September 13, 2002.

7.   Ms. Finizie, timely appealed to the Equal Employment Opportunity Commission ("Commission" or "EEOC") from the agency's final decision.  The appeal was docketed as 01A30499.

8.   The Commission issued a decision, dated March 4, 2003, affirming the agency's final decision.

- 3 -

9. The Commission denied reconsideration on May 13, 2003 (<u>Exhibit A</u>).

10. Ms. Finizie has filed this lawsuit, pursuant to 42 U.S.C. §2000e-16(c), from the EEOC's denial of her request for reconsideration in EEOC Appeal No. 01A30499.

11. Ms. Finizie alleges that the EEOC erred by affirming the final agency decision.

12. Ms. Finizie contends that she was subjected to discriminatory treatment on the basis of reprisal for prior EEO activity, with respect to her job assignment, position title, assignment of duties, and working conditions when in March, 2000 and continuing, the agency

   (a)  underutilized her skills and expertise by restrictive job assignments; and

   (b)  refused to permanently assign her to a full-time position of Quality Management (QM) Specialist in the central Quality Management Section.

   She contended, further, that

   -   management had not fully recognized and utilized her skills and expertise in Quality Management;

   -   staffing in QM included a person hired under temporary appointment authority, and that this staffing situation, particularly with an employee serving under a temporary appointment, affected her ability to be fully utilized in her area of expertise and, further, compromised and affected her ability to be permanently assigned in the QM Section; and

   -   the agency's use of temporary appointment authority was inappropriate because she, as a permanent employee, with demonstrated expertise and certification in the QM area, had been denied the opportunity to perform functions and duties which were being performed by the employee serving a temporary appointment.

13.  Ms. Finizie requests judicial review and a trial *de novo*, by jury, in Federal District Court on all issues in this complaint.

CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, plaintiff, Sharon A. Finizie, respectfully requests that this Court reverse the final agency decision, with regard to her formal complaint of discrimination, agency case no. 200H-1908, and grant her full relief, including, but not limited to, damages, equitable relief, with all benefits, seniority and any other applicable entitlements, as well as compensatory damages provided under the Civil Rights Act of 1991, the cost of this action, and Ms. Finizie's reasonable attorney fees.

```
                              _____
                              DENNIS L. FRIEDMAN, ESQUIRE
                              Attorney for Plaintiff
                              1515 Market Street, Suite 1000
                              Philadelphia, PA  19102
                              (215) 567-4600
```